HENRY L. PAQUIN *vs.* BOSTON & TAUNTON TRANSPORTATION COMPANY.

PATSY ANN PAQUIN, *p. a. vs.* SAME.

MAY 13, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Capotosto, J. These two actions of trespass on the case for negligence were tried together before a jury in the superior court, and a verdict for the defendant was returned in each case. Each plaintiff thereafter filed a motion for a new trial, which was heard and denied by the trial justice. The cases are before us on exceptions by each plaintiff to such decision and to other rulings unnecessary to mention now.

Patsy Ann Paquin is the minor daughter of Henry L. Paquin. Since the relation of these parties and the nature of the cases are such that the father cannot maintain his action unless the daughter can maintain hers, we shall confine ourselves to the case of the daughter, so that hereinafter the word "plaintiff" will refer solely to her.

The accident happened shortly after 1 p.m., March 10, 1941, at the intersection of Newport and Central avenues, public highways in the city of Pawtucket. Newport avenue, which runs approximately north and south at that place, is about 45 feet wide and has four lanes for vehicular traffic, two for northbound and two for southbound traffic. Central avenue, which runs generally east and west, crosses Newport avenue almost at right angles. Whether a cross-

walk was marked out by painted lines across Newport avenue, from the southwest to the southeast corner of these highways, does not definitely appear in evidence. In the center of the intersection there was an automatic overhead traffic light, which changed directly from red to green and vice versa. Road and weather conditions were good.

The following basic facts are clearly established by the evidence: Just before and at the time of the accident there was no southbound traffic at or near the interesection. Two vehicles, a Buick car and the defendant's ten-ton trailer truck, were moving north towards the intersection, the former traveling in the inner or second lane for northbound traffic and was some short distance ahead of the latter, which was in the first lane, that is, the lane next to the easterly curb of Newport avenue.

The plaintiff, then eight years old, had to cross Newport avenue from the southwest to the southeast corner of that highway to go to her school, which was located near the latter of those corners. She was alone and started to cross the highway from the southwest corner thereof when the light was green in her favor, walking or "skipping" along at all times within the limits of a crosswalk between the two above-mentioned points. She crossed the westerly half of Newport avenue, which covered the two lanes for southbound traffic, without incident. While she was crossing that part of the highway, the Buick car had come to a stop in the second lane, some six or eight feet from the southerly line of the crosswalk, because the traffic light was red for northbound vehicles. When the plaintiff reached this standing car, the traffic light turned green for northbound traffic. She safely passed in front of that car, but after she had taken a few steps beyond its right mudguard, she was hit by the truck and suffered the injuries about which she complains.

The operation of the truck is the subject of conflicting testimony. Three witnesses for the plaintiff, namely, John A. and Nellie B. Selby, who were in the Buick car, and Al-

bert J. Aubin, who saw the accident from his gasoline station at the northwest corner of Newport avenue, all testified that the truck, moving slowly, passed the Buick car on the right; that it did not stop alongside of that car, but entered the crosswalk at the same speed and hit the plaintiff, who was then in front of the truck.

Albert E. Selig, the driver of the truck, was the only witness for the defendant. He testified that, as the traffic light was red against him, he stopped the truck, for "maybe a couple of minutes", in the first lane, the cab of the truck then being "to the rear of the front seat of the Buick car"; and that from his seat in that cab he could see "a grown person" coming from his left and passing in front of the Buick, but he "couldn't see a child or a dog or something like that" because his view was obstructed by that car. He further testified that when the light turned green for northbound traffic, the Buick car started forward toward the intersection as if it were going to make a left turn; that at or about the same time he "looked at the light first" and when he "saw it was green" he "looked straight ahead" and started the truck; that almost immediately thereafter he heard the noise of brakes from the Buick car and "something kind of came in front of me, looked like a dog or a shadow or something"; that he at once applied his brakes and stopped within a few feet; and that, alighting quickly, he found the plaintiff on the ground in the crosswalk in front of the truck.

In its argument before us the defendant waived any claim that the plaintiff was guilty of contributory negligence in the circumstances of this case. Its denial of liability is based solely on the ground that its driver was not negligent.

The plaintiff contends that the trial justice was clearly wrong in denying her motion for a new trial. We agree with this contention for the reason that, in our judgment he, in his rescript denying that motion, failed to discuss and give

proper weight to the evidence most directly supporting the charge of negligence on the part of defendant's driver.

It is undisputed that the plaintiff started to cross Newport avenue at the crosswalk in question when the light was green in her favor and that she continued, without stopping, to travel on that crosswalk until she was struck by the truck. It also clearly appears in evidence, by admission of the truck driver, that he was familiar with the locality; that he knew that children were accustomed to use that crosswalk on their way to and from a nearby school; and that he had stopped his truck in a position from which he could not see a child that might be on the crosswalk in front of the Buick. If, in these circumstances, the traffic light changed in favor of the truck when the plaintiff had crossed over one-half of the highway, it became the duty of the truck driver in driving over the crosswalk to use the care which ordinary prudence would dictate under conditions that were actually known to him or that he reasonably could have ascertained by the exercise of due care.

It may well be, as the trial justice says in his rescript, that the truck driver was an experienced operator; that before he reached the crosswalk the traffic light had turned green in his favor; that at that time his lane of the highway was clear; and that he made an excellent stop at the time of the accident. But all these circumstances had only a comparatively minor bearing on the real question of whether, on all the evidence, he drove his truck as a reasonably prudent person, under conditions that were apparent or which were ascertainable in the exercise of due care, so as to avoid hitting a child who was moving eastward along the crosswalk and might pass in front of the truck to complete a crossing of Newport avenue. This fundamental feature was apparently given scant consideration by the trial justice in passing his independent judgment on the weight of the evidence in his decision on plaintiff's motion for a new trial. In this respect, he misconceived the weight of

the evidence on the main issue in the case. His approval of the verdict, based on such erroneous valuation of the evidence, is therefore not entitled to the weight that is usually given by this court to such a decision by the trial justice. In our opinion, the plaintiff is entitled to a new trial.

The exception of the respective plaintiffs to the denial of their motions for a new trial is sustained in each case. In view of this conclusion, it becomes unnecessary to consider any other exceptions.

Each case is remitted to the superior court for a new trial.

*Woolley, Blais & Quinn,* for plaintiffs.
*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant.